

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SENRICK WILKERSON, # 1885146, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:17-CV-1103-L-BF |
| | § | |
| CITY OF DALLAS, ET AL., | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge for judicial screening. Petitioner, a state prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition be summarily **DISMISSED WITHOUT PREJUDICE**.

**I.**

In 2010, Petitioner was convicted of compelling prostitution of a child, sexual performance of a child, and sexual assault of child, and was sentenced to 8 years' imprisonment for each offense. *State v. Wilkerson*, Nos. F08-60213, F10-01183, and F10-01184 (Crim. Dist. Ct. No. 3, Dallas Cty., Dec. 17, 2010). He unsuccessfully sought state and federal habeas relief. *See Wilkerson v. Stephens*, No. 3:14-CV-0476-P-BK, 2015 WL 1005329 (N.D. Tex. Mar. 5, 2015) (denying petition filed under 28 U.S.C. § 2254).

Petitioner is no stranger to the federal courts, having filed 23 cases over the last five years.[1] Consequently, he has been barred from filing new civil actions under the three-strikes provision of 28 U.S.C. § 1915(g), and sanctioned for repeatedly bringing frivolous or malicious

---

[1] PACER Case Index available at https://www.pacer.gov/psco/cgi-bin/links.pl.

civil lawsuits. *See, e.g., Wilkerson v. Watkins*, No. 3:13-CV-1326-M-BF, 2013 WL 6620861, at *1 and 4 (N.D. Tex. Dec. 16, 2013) (collecting prior cases, imposing monetary sanction, and barring Plaintiff "from filing any other actions, motions, or pleadings of any kind challenging his conviction without first obtaining the permission of a district judge or magistrate judge."); *Wilkerson v. State Prosecutor Brooke Grona-Robb*, No. 3:15-CV-2162-G-BH (N.D. Tex. Mar. 7, 2016) (expanding sanctions and filing restrictions to include removed cases). Petitioner has also been warned that he is subject to additional sanctions if he files another application for writ of habeas corpus or federal civil rights claim challenging his underlying criminal convictions. *Wilkerson v. Stephens*, No. 3:14-CV-2349-G-BN, 2014 WL 4412474 (N.D. Tex. Sept. 8, 2014).

Before filing the instant action, Petitioner, undeterred by the previously imposed sanctions, filed a § 2254 petition attempting to sue the Dallas County District Attorney's Office, repeatedly asserting on each page of the petition that "this petition is not an attack on the illegal convictions." *Senrick v Johnson*, No. 3:17-CV-028-N (N.D. Tex.). Petitioner made the same assertions of fraud, conspiracy, perjury, and tampering with and falsifying records relating to his criminal case that he made in his prior federal habeas action in civil case number 3:16-CV-2518-L-BK. Doc. 2 at 1-2, 6-9. On June 9, 2017, the district court dismissed the petition.

On April 20, 2017, Petitioner filed the instant § 2254 petition. He again asserts on each page of the petition that he is not challenging his "illegal convictions." The petition, however raises the same fraud, conspiracy, perjury, and falsifying records claims that he has repeatedly raised in prior cases.
2

Whether Petitioner is attempting to file a non-habeas civil action, as he repeatedly asserts, or a habeas petition challenging his convictions, as suggested by his allegations, his case cannot proceed in this Court.

To the extent Petitioner seeks habeas relief without challenging his underlying convictions on constitutional grounds, he fails to raise a cognizable habeas claim. Title 28 U.S.C. § 2254 provides for federal habeas relief "only on the ground that [a state prisoner] is in custody in violation of the Constitution or laws of treaties of the United States." Moreover, Petitioner has again failed to obtain leave to file a successive habeas application from the United States Court of Appeals for the Fifth Circuit.[2] Notably, the appellate court recently denied Petitioner's request for leave to file, finding, *inter alia*, that because Petitioner "raised claims regarding the absence and falsification of the arrest and charging documents and procedures, as well as the related ineffective assistance of counsel claim, in his prior § 2254 applications," the court "need not consider" those claims. *In re Wilkerson*, No. 16-10403 (5th Cir. June 21, 2016) (citing 28 U.S.C. § 2244(b)(1)) (a claim that was previously presented in a prior habeas application must be dismissed).

Alternatively, to the extent Petitioner is attempting to bring a non-habeas civil action (albeit filed on the form for a petition under section 2254), he is barred by the three-strikes provision of 28 U.S.C. § 1915(g) and this Court's prior sanction orders in Case Nos. 3:13-CV-

---

[2] Before a petitioner may file a second or successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. Failure to meet this requirement constitutes a bar to the district court's jurisdiction to consider a successive habeas petition. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

3

1326-M –BF and 3:15-CV-2162-G-BH.  Petitioner has neither paid the previous $200 monetary sanction, nor obtained the permission of a judge of this Court to file this action.

## II.

For the foregoing reasons, the Court recommended that the petition for writ of habeas corpus be dismissed without prejudice.

Signed this 16 day of August, 2017

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).