IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SENRICK WILKERSON, #1885146,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:17-CV-1103-L** |
| | § | |
| **THE CITY OF DALLAS; THE CITY** | § | |
| **OF DALLAS POLICE DEPARTMENT;** | § | |
| **THE DISTRICT ATTORNEY AND** | § | |
| **OFFICIALS; and THE SHERIFF'S** | § | |
| **DEPARTMENT OF DALLAS ,** | § | |
| | § | |
| Defendants. | § | |

# ORDER

On August 16, 2017, United States Magistrate Judge Paul D. Stickney entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court dismiss without prejudice this action as barred by the three strikes provision in 28 U.S.C. § 1915(g) because Plaintiff has not paid the prior $200 sanction imposed against him for filing frivolous actions or obtained the court's permission to file this action. The magistrate judge further concluded that, to the extent Plaintiff seeks habeas relief, the case should still be dismissed without prejudice as successive. No objections to the Report were filed.

Having considered the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **dismisses without prejudice** this action pursuant to 28 U.S.C. § 1915(g) and for the other reasons set forth in the Report. The court also **denies as moot** Plaintiff Motion For Leave to Proceed In Forma Pauperis (Doc. 3), filed April 26, 2017.

**Order – Page 1**

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Plaintiff, however, may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order. The cost to file a motion to proceed on appeal with the Fifth Circuit is $505. Because Plaintiff has accumulated three strikes, he cannot file any new lawsuit or appeal, as long as he is incarcerated, without first prepaying the filing fee, unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has not made the required showing of imminent danger of a serious physical injury in this case. Therefore, he cannot take advantage of the initial partial payment provision of Section 1915. Accordingly, if Plaintiff appeals, he must pay the $505 fee in full immediately. As provided above, however, Plaintiff may challenge this determination by filing a separate motion to proceed *in forma pauperis* on appeal, with the Fifth Circuit, within 30 days of this order.[*]

---

[*] To the extent Petitioner seeks habeas relief, Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**It is so ordered** this 12th day of October, 2017.

                                                    Sam A. Lindsay
                                              United States District Judge

---

        **(b)**        **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.